[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The two motions to strike now before this court in the above-captioned case raise the issue whether the parent of a child on whose behalf a personal injury suit has been brought may be made a defendant for purposes of apportioning liability.
The minor plaintiff, Alicia Peloquin, filed a complaint through her mother and next friend, Susan Peloquin, alleging injury arising from the use of a child safety seat in a shopping cart at a supermarket owned and operated by the Stop Shop defendants. The plaintiff also sued Safe Strap Co., Inc., which is alleged to have manufactured the child safety seat that the plaintiff claims was defective.
Both Safe Strap and the Stop Shop defendants cited Susan Peloquin in as an apportionment defendant, alleging that her negligence in failing to inspect the seat, failing to use properly, or failing to supervise the minor appropriately, caused the injuries at issue, in part or in whole.
The plaintiff has moved to strike the apportionment complaints of all of the defendants regarding Susan Peloquin on the ground that Conn. Gen. Stat. § 52-102b precludes the inclusion for purposes of apportionment of a party who is immune. The defendants have recognized that except in some situations not claimed to be present in this case, parents are immune from suit by their children for negligent supervision. Dubay v. Irish,207 Conn. 518, 523 (1988).
The defendants argue that the bar to suit against a parent by a minor does not preclude the allocation of a portion of the causative negligence to that parent. A number of trial judges have so held, however, their rulings all predate the effective date of the amendment of Conn. Gen. Stat. § 52-102b, July 1, 1995. That amendment, set forth in Public Act 95-111, provides very clearly that
 (C) No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h.
CT Page 2762
While the defendants have very articulately explained the legislative purpose in providing for apportionment of responsibility, they have ignored the fact that the legislature modified its approach to apportionment in Public Act 95-111.
Since Susan Peloquin is acknowledged to be the mother of the minor child for whose benefit this negligence action is brought, and since she is immune from a claim of negligence by her daughter, § 52-102b prohibits her from being sued as an apportionment defendant or having a measure of responsibility apportioned to her, pursuant to the operation of Conn. Gen. Stat. § 52-572h.
The motions to strike both apportionment complaints are granted.
HODGSON, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 2768